# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | |
| § | No. 1:25-CR-00358-ADA |
| **(1) EDGAR NOEL AGUILAR-** § | |
| **MEJIA,** § | |
| *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 4. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   BACKGROUND

### A.   Timeline from the USPO's Adjustment Summary[1]

On or about May 20, 2025, in Austin, Travis County, Texas, within the Western District of Texas, Edgar Noel Aguilar-Mejia violated the Mandatory Condition of supervision by committing the offense of being unlawfully found in the United States

---

[1] At the hearing on the petition, Defendant stipulated to the accuracy of the facts stated in the Petition and Adjustment Summary.

1

after being previously having been denied admissions, excluded, deported, and removed, in violation of 8 U.S.C. § 1326(a) and 1326(b), a Class C Felony.

According to investigative material, on or about May 20, 2025, Texas Department of Public Safety (DPS) Investigators conducted a traffic stop on a vehicle in Austin, Texas. The driver was identified as Edgar Noel Aguilar-Mejia, the Releasee. DPS requested the assistance of Homeland Security Investigation (HSI) Agents to determine alienage. When questioned, the Releasee admitted having illegally entered the United States on an unknown date. A criminal record check revealed the Releasee was convicted on January 4, 2024, for committing the offense of being found in the U.S. after previous deportation and was sentenced to time served (142 days), followed by a two-year term of Supervised Release. The Releasee was formally deported from the United States to Guatemala on April 1, 2024, through Hidalgo, Texas. Prior to his deportation, the Releasee was instructed not to return to the United States without permission from the U.S. Attorney General and/or the Secretary of Homeland Security. An immigration record check further revealed the Releasee did not have proper documentation to enter the United States. HSI Agents arrested the Releasee and transported him to the T. Don Hutto Immigration and Customs Enforcement Processing Center in Taylor, Texas.

On May 21, 2025, the Releasee appeared before the Honorable Mark Lane, U.S. Magistrate Judge, Western District of Texas, Austin Division, in Criminal Docket Number 1:25mj00590-001, for an Initial Appearance Hearing after being charged with the offense of being found in the U.S. after previously having been denied

admission, excluded, deported, and removed. The Releasee was appointed counsel who waived the Preliminary and Detention Hearing. The Court remanded the Releasee to custody of the U.S. Marshals Service with no bond.

On June 2, 2025, the Releasee entered a plea of guilty to the new law violation, and his attorney filed a Waiver of Indictment in Criminal Docket Number 1:25CR00282-001. Sentencing is set before the Honorable Alan D. Albright, U.S. District Judge, Western District of Texas, Austin Division, on September 24, 2025, at 10:00 a.m.

### B.  Hearing on USPO's Petition

The undersigned set the petition for hearing to be held on September 15, 2025. Dkt. 12. Present at the hearing were Defendant; his appointed counsel, Assistant Federal Public Defender Charlotte Herring; Assistant U.S. Attorney Daniel Castillo; and USPO Officer Kimberly Chavez. During the hearing Defendant waived his preliminary hearing and his right to be present before the United States District Judge at the time of imposition of sentence and consented to allocution before the United States Magistrate Judge. After being advised of his rights and affirming his understanding of the charges and penalties he faced, Defendant pleaded "True" to the violations set out in the petition.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel recommended that any term of imprisonment in connection with the revocation to be served concurrently with the sentence to be imposed for his underlying charge. AUSA Castillo recommended a 6-

month term of imprisonment to be served consecutively with his new charge. Both parties agreed that no additional term of supervised release should follow. Officer Chavez did not have anything to add to what has already been filed. The undersigned stated on the record the intention to recommend that the District Judge revoke Defendant's supervised release and impose a period of imprisonment of 6 months (to be served concurrently with any sentence imposed in connection with his pending federal charge) with no additional term of supervised release.

## II.     FINDINGS OF THE COURT

1. Probable cause exists for the alleged violations set out in the petitions.

2. The most serious violation under the petition is a Grade B, and Defendant's criminal history category is II.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of his terms of supervised release as set out in the petition, and there is a factual basis in support of that finding.

### III. FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of Defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

### IV. RECOMMENDATION

The Magistrate Judge has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-

sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** USPO's petition, Dkt. 4, and **REVOKE** Defendant's term of supervised release, and impose a sentence of imprisonment of 6 months (to be served concurrently with any sentence imposed in connection with his pending federal charge) with no additional term of supervised release.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 15, 2025.

                                                  DUSTIN M. HOWELL
                                                  UNITED STATES MAGISTRATE JUDGE